**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

07 SEP 27 PM 1:49

| | | |
|---|---|---|
| BRIAN J. KELLEY, DENISE D. BOYD, YVONNE S. EMOUS and BETTIE M. HOUSLEY individually and on behalf of all of those similarly situated, | ) | Cause No. 1:07-cv-1245-SEB-JMS |
| Plaintiffs, | ) | **CLASS ACTION** |
| vs. | ) | Jury Demanded |
| MED-1 SOLUTIONS, LLC, WILLIAM J. HUFF, FRANCIS R. NIPER, COURTNEY GABER and RICHARD R. HUSTON, | ) | |
| Defendants. | ) | |

## COMPLAINT

Come now Plaintiffs, Brian J. Kelley, Denise D. Boyd, Yvonne S. Emous and Bettie M. Housley, individually and on behalf of all other similarly situated, by counsel, Glenn S. Vician of Bowman Heintz Boscia & Vician, P. C. and Robert E. Stochel of Hoffman & Stochel and bring this action under both the provision of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), and pursuant to Indiana Common Law.

## INTRODUCTION

Plaintiffs generally allege that the Defendant, Med-1 Solutions, LLC ("Med-1), is a debt-collector as that term is defined by the FDCPA. Med-1 employs Fran Niper, Courtney Gaber and Rich Huston as attorneys for the collection of debt. William J. Huff is the sole owner and has exclusive control of Med-1.

During the course of collecting consumer debt, Med-1, through its attorneys, would make written demands for attorney fees and would obtain judgments against consumer debtors that included attorney fees. The attorney fees collected from these judgments by Med-1, would then be shared between the attorneys and their employer, Med-1. Med-1 is not a law firm and its owner, William J.

Huff, is not an attorney. Lawyers in Indiana are strictly prohibited from sharing attorney fees with non-lawyers.

The Complaint also alleges that Med-1 and its attorneys did not have a contractual or legal right to seek or collect attorney fees from consumer debtors. Their actions, in that regard, violate the FDCPA.

## JURISDICTION

1. This Court has jurisdiction of this matter pursuant to This Court has jurisdiction of this 15 U.S.C. §1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction over Plaintiffs' statutory and common law claims under Indiana law pursuant to 28 U.S.C. §1367 because such claims are so related to Plaintiffs' claims under the FDCPA that they form part of the same case or controversy as provided for under Article III of the United States Constitution.

3. Venue is proper in this district because the acts and transactions occurred here, Plaintiffs reside here and Defendants reside and transact business here.

## PARTIES

4. Plaintiff, Brian J. Kelley ("Kelley"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant collected a delinquent consumer debt allegedly owed to St. Vincent Carmel Hospital, Inc.

5. Plaintiff, Denise D. Boyd ("Boyd"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant collected a delinquent consumer debt allegedly owed to St. Vincent Carmel Hospital, Inc.

6. Plaintiff, Yvonne S. Emous ("Emous"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant collected a delinquent consumer debt allegedly owed to St. Vincent Carmel Hospital, Inc.

7. Plaintiff, Bettie M. Housley ("Housley"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom defendant attempted to collect a delinquent consumer debt allegedly owed to St. Vincent Carmel Hospital, Inc. for consumer credit account.

8. Defendant, Med-1 Solutions, LLC ("Med-1"), is an Indiana limited liability company, established on the 17th day of April 2003, Med-1 is a debt collector, as defined by §1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana and was acting as a debt collector as to the delinquent consumer debt it collected from the Plaintiffs.

9. That the Defendant, William J. Huff ("Huff"), is the sole owner of Med-1 and exercises the exclusive control of all aspects of Med-1 business operations, including the collection of consumer debt.

10. That Defendants Francis Niper ("Niper"), Courtney Gaber ("Gaber") and Richard Huston ("Huston") are lawyers licensed to practice law in the State of Indiana; that Niper, Gaber and Huston are salaried employees of Med-1.

11. That Med-1 is not a law firm and in addition to the employment of attorneys, Niper, Gaber and Huston, Med-1 employs numerous other non-lawyers to provide related collection, clerical and paralegal services in the collection of consumer debt.

**BACKGROUND AND FACTS**

12. The primary source of business for Med-1 is the collection of consumer debt referred to it by health care providers such as St. Vincent's Hospital.

13. That in the case of St. Vincent's Hospital, each of the Plaintiffs executed a document entitled "Financial Consents/Assignment of Benefits and Release of Information Form ("Consent"), which includes a provision for, "the acknowledgment of financial responsibility" by each of the respective Plaintiffs. (See Exhibits A-D attached hereto and made a part hereof).

14. That the pertinent part of the Acknowledgement of Financial Responsibility portion of the Consent provides that the patient (in this case, the consumer-debtor) would be responsible for "any court costs, reasonable attorney fees and interest as allowed by statute".

**Kelley Claim**

15. That on October 31, 2006, Med-1, through its in-house counsel, Gaber, filed a lawsuit against Kelley in the Hamilton County Superior Court No. 5, under Cause No. 29D05-0610-SC-2530, a true and accurate copy of such Complaint with attached Consent for is attached hereto, marked Exhibit "A" and made a part hereof.

16. That Med-1 obtained a judgment against Kelley in said case on the 19th day of January 2007 in the total sum of $892.09, which included $375.00 of attorney fees.

17. That Kelley paid a sum of money that included fees to Med-1.

**Boyd Claim**

18. That on October 31, 2006, Med-1, through its in-house counsel, Gaber, filed a lawsuit against Boyd in the Hamilton County Superior Court No. 5, under Cause No. 29D05-0610-SC-2522 a true and accurate copy of such Complaint with attached Consent for is attached hereto, marked Exhibit "B" and made a part hereof.

19. That Med-1 obtained a judgment against Boyd in said case on the 25th day of January 2007 in the total sum of $450.00, which included attorney fees.

20. That Boyd paid a sum of money that included attorney fees to Med-1.

**Emous Claim**

21. That on August 15, 2006, Med-1, through its in-house counsel, Gaber, filed a lawsuit against Emous in the Hamilton County Superior Court No. 5, under Cause No. 29D05-0608-SC-1909 a true and accurate copy of such Complaint with attached Consent for is attached hereto, marked Exhibit "C" and made a part hereof.

22. That Med-1 obtained a judgment against Emous in said case on the 6th day of September 2006 in the total sum of $3,658.50, which included $350.00 of attorney fees.

23. That Emous paid a sum of money that included attorney fees to Med-1.

**Housley Claim**

24. That on August 15, 2006, Med-1, through its in-house counsel, Gaber, filed a lawsuit against Housley in the Hamilton County Superior Court No. 5, under Cause No. 29D05-0608-SC-1931 a true and accurate copy of such Complaint with attached Consent for is attached hereto, marked Exhibit "D" and made a part hereof.

25. That Med-1 obtained a judgment against Housley in said case on the 1st day of November 2006 in the total sum of $2,421.45, which included $375.00 of attorney fees.

26. That Housley paid a sum of money that included attorney fees to Med-1.

**Med-1 Not Entitled to Attorney Fees**

27. That neither Med-1, nor Gaber, nor any of the other Defendants owned, or had any ownership in the medical bills owed by the Plaintiffs to St. Vincent's Hospital.

28. That Med-1 has an agreement with St. Vincent's Hospital and other health care providers that provided, in part, that the first monies received by Med-1 from a consumer-debtor

would be retained by Med-1 for payment of attorney fees and court costs.

**Attorney FeeSharing With Non-Lawyers**

29. That when a specific consumer-debtor would pay attorney fees to Med-1, Med-1 and Huff, a non-lawyer, would share those attorney fees with the attorney collecting the account.

30. That Gaber shared the attorney fees she recovered from the Plaintiffs with Med-1.

31. That the attorney fee sharing agreement between Gaber and Med-1 was that Gaber would retain 20% of the attorney fee award she recovered in each of the Plaintiff's cases and the balance of 80% of such attorney fees is paid to Med-1 and Huff.

32. That Huston, like Gaber, has a similar fee sharing arrangement with Med-1.

33. That Niper has a similar fee sharing arrangement with Med-1, except that the percentage of attorney fees retained by Niper is 25%, and 75% of such attorney fee are paid to Med-1 and Huff.

**COUNT I**

**Violation of §1692e of the FDCPA – False Statements**

34. That§1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of a debt.

35. That the Defendants' request and ultimate collection of attorney fees from consumer-debtors was false and deceptive in so much as Med-1 and/or the attorney-defendants were not entitled to recover attorney fees in their name or on behalf of themselves.

36. That neither Med-1, nor the attorneys it employed, had a legal or contractual right to recover attorney fees from the Plaintiffs or others similarly situated.

37. That Niper, Gaber and Huston represented to consumer-debtors, and to the State Court in which they were suing, that a reasonable attorney fee was $350.00 or $375.00 when, in fact, the attorneys only retained 20-25% of said sum when paid by the consumer-debtor.

38. That the value, or determination of the reasonableness of attorney fees payable to Niper, Gaber or Huston, were the sums that such attorneys actually retained for the services rendered in the collection of the consumer-debt.

39. That the Defendants false, deceptive and misleading representations as to the extent and amount of their "reasonable" attorney fees was a violation of §1692e of the FDCPA.

40. That the Defendants' violations of §1692e of the FDCPA render it liable for actual and statutory damages, costs and reasonable attorneys' fees.

***WHEREFORE***, Plaintiffs, individually and on behalf of all others similarly situated pray that this Court find and declare that the Defendants' debt collection practices violate the FDCPA and enter injunctive relief to protect the class from Med-1's actions, enter judgment for all actual and statutory damages available to the Plaintiffs, including reasonable attorney fees and costs, and for all other just and proper relief in the premises.

## COUNT II

### Violation of § 1692f of the FDCPA – Unfair or Unconscionable Collection Actions.

Come now Plaintiffs on behalf of themselves and other similarly situated and for further cause of action allege and state:

41. That Plaintiffs reallege the allegations contained in Rhetorical Paragraphs 1 through 40 as if more fully set forth herein.

42. That §1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.

43. That the Defendants, by demanding and collecting attorney fees to which they were not entitled and by reason of the attorney fees being unreasonable due to the fee-sharing arrangement between Med-1 and its in-house attorneys, violated §1692f of the FDCPA.

44. That the Defendants' violations of §1692f of the FDCPA render them liable for actual and statutory damages, costs and reasonable attorneys' fees.

***WHEREFORE***, Plaintiffs, individually and on behalf of all others similarly situated pray that this Court find and declare that the Defendants' debt collection practices violate the FDCPA and enter injunctive relief to protect the class from Med-1's actions, enter judgment for all actual and statutory damages available to the Plaintiffs, including reasonable attorney fees and costs, and for all other just and proper relief in the premises.

**COUNT III**

**Claim for Unjust Enrichment**

Come now Plaintiffs on behalf of themselves and other similarly situated and for further cause of action allege and state:

45. That Plaintiffs reallege the allegations contained in Rhetorical Paragraphs 1 through 44 as if more fully set forth herein.

46. That the Indiana Supreme Court has adopted "Rules of Professional Conduct" that govern lawyers licensed to practice in the State of Indiana; such Rules advise lawyers of what they shall and shall not do in the course of their representation of clients.

47. That Rule 1.5 requires that all lawyer's fees, "shall be reasonable".

48. That an attorney fee is unreasonable if a portion or all of such fee is shared with a non-lawyer.

49. That Rule 5.4 provides that, "a lawyer or law firm shall not share legal fees with a non-lawyer . . .".

50. That neither Med-1, nor its owner, Huff, is a lawyer.

51. That the Defendants have violated the Rules of Professional Conduct by charging unreasonable fees and by sharing such fees with a non-lawyer.

52. That it is unjust and inequitable that the Defendants retain the attorney fees paid to them by the Plaintiffs and others similarly situated in circumstances where those attorney fees were shared between a lawyer and non-lawyer, contrary to the provisions of the Rules of Professional Conduct.

53. That independent of the Rules of Professional Conduct, the Defendants did not have a contractual, legal or a statutory right to collect attorney fees from the Plaintiffs and/or the putative class and it is therefore unjust and inequitable that the Defendants retain such attorney fees.

54. That it would be unjust for the Defendants to retain the benefit of an attorney fee award they received in Court proceedings when such fee is shared between the lawyer and a non-lawyer.

***WHEREFORE,*** Plaintiffs pray for relief and damages from the Defendants, jointly and severally, in a sum not less than all attorney fees paid to the Defendants themselves and to all others similarly situated, for costs of this action and for all other just and proper relief in the premises.

## COUNT IV

### Fraud

Come now Plaintiffs on behalf of themselves and other similarly situated and for further cause of action allege and state:

55. That Plaintiffs reallege the allegations contained in Rhetorical Paragraphs 1 through 54 as if more fully set forth herein.

56. That the Defendant misrepresented to the Plaintiffs and to the underlying State Court, the true value of their "reasonable attorney fees", which was a misrepresentation of a material fact.

57. That the reasonable value of the attorney fees requested from the Plaintiff is equal only to those fees actually retained by the attorneys for the services that they provided in the collection of the consumer debt.

58. That the amount of attorney fees collected by the attorney Defendants and shared by Med-1 (a non-lawyer) and its owner, Huff, cannot be and is not considered a reasonable attorney fee because it was not retained by the attorneys collecting the account.

59. That the Defendants were obviously aware of their fee sharing arrangement at the time that they obtained judgments for attorney fees against the Plaintiffs and those similarly situated.

60. That the Defendants' material misrepresentations were made with knowledge or reckless ignorance.

61. That the Defendants never disclosed to the Plaintiffs the existence of their attorney fee sharing agreement.

62. That to Plaintiffs' best belief and knowledge, the Defendants never disclosed such attorney fee sharing arrangements to the underlying State Court in which the consumer debtor collection case was pending.

63. That to Plaintiffs' best belief and knowledge, the first disclosure of the fee sharing arrangement between Med-1, its owner, Huff, and the lawyers, Niper, Gaber and Huston, occurred in deposition testimony of Huff, Niper, and Gaber on July 30 and July 31, 2007, in unrelated litigation.

64. That the Defendants had a duty to disclose to both the Plaintiffs, and the underlying State Court, their attorney fee sharing arrangement.

65. The Defendants' material misrepresentations caused the Plaintiffs and the putative class members to rely upon such misrepresentations to their detriment.

***WHEREFORE,*** Plaintiffs pray for relief and damages from the Defendants, jointly and severally, in a sum not less than all attorney fees paid to the Defendants themselves and to all others similarly situated, for costs of this action and for all other just and proper relief in the premises.

**COUNT V**

**Money Had and Received**

Come now Plaintiffs on behalf of themselves and other similarly situated and for further cause of action allege and state:

66. That Plaintiffs reallege the allegations contained in Rhetorical Paragraphs 1 through 65 as if more fully set forth herein.

67. That contracts made between an attorney and non-attorney for the sharing of attorney fees is contrary to the Rules of Professional Conduct and contravenes the public policy of Indiana.

68. That the payment of attorney fees by the Plaintiffs and all of those similarly situated, was made by reason of the fraud and/or improper conduct of the Defendants.

69. That the payment of attorney fees by the Plaintiffs and those similarly situated was not voluntary, but was through the process of court collection activities, judgment and proceedings supplemental to execution.

70. That by reason of the above, and in equity and good conscience, the Defendants should not retain the attorney fees paid to them by the Plaintiffs and those similarly situated.

***WHEREFORE,*** Plaintiffs pray for relief and damages from the Defendants, jointly and severally, in a sum not less than all attorney fees paid to the Defendants themselves and to all others similarly situated, for costs of this action and for all other just and proper relief in the premises.

**COUNT VI**

**Piercing the Corporate Veil – Liability of William J. Huff**

Come now Plaintiffs on behalf of themselves and other similarly situated and for further cause of action allege and state:

71. That Plaintiffs reallege the allegations contained in Rhetorical Paragraphs 1 through 70 as if more fully set forth herein.

72. That Huff is the sole owner of Med-1.

73. That Huff hired and employed Niper, Gaber and Huston.

74. That Huff has the sole and exclusive control of Med-1 and its employees, including Niper, Gaber and Huston.

75. That Huff retains, exclusively, the profits of Med-1.

76. That part of the profits, retained by Med-1 and Huff, were Med-1's alleged 75 – 80% share of attorney fees recovered by Niper, Gaber and Huston in the collection of consumer debt.

77. That the attorney fee sharing arrangement between Med-1 and Niper, Gaber and Huston was negotiated by and approved by Huff.

78. That by entering into such fee sharing arrangement rather than employing outside legal counsel to collect consumer debt on behalf of Med-1, Huff used the corporate form to commit a fraud and injustice upon consumer-debtors and the various State Courts where collection proceedings were pending and he personally profited from such fraud and injustice.

79. That it is against public policy for lawyers to share attorney fees with non-lawyers.

80. That Huff personally benefited by the attorney fee sharing arrangement between Med-1 and Niper, Gaber and Huston, which arrangement is contrary to public policy.

81. That the corporate form, which in this case is the limited liability company under which Med-1 operates, should be discarded and Huff should be liable to the Plaintiff and others similarly situated for the damages as described above.

***WHEREFORE***, Plaintiffs and all others similarly situated, pray that they be awarded damages against Huff, for all attorney fees paid to Med-1 in which such fees were shared between Med-1 and its attorneys and for all other just and proper relief in the premises.

## COUNT VII

## CLASS ALLEGATIONS

### FDCPA Violations

Come now Plaintiffs on behalf of themselves and other similarly situated and for further cause of action allege and state:

82. That Plaintiffs reallege the allegations contained in Rhetorical Paragraphs 1 through 81 as if more fully set forth herein.

83. Plaintiffs bring this action individually and as a class action on behalf of all similarly situated Indiana residents from whom Defendants attempted to collect a consumer debt that includes attorneys fees, from one year before the date of this Complaint to the present, relating to the FDCPA claim of filing of lawsuits by Med-1 that included attorney fees that Med-1 was not entitled to. This action seeks a declaration that Med-1's collection practices in collecting unauthorized attorneys fees, as described herein, violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

84. That Med-1 and the other Defendants regularly engage in debt collection using the same process of suing consumer debtors and in demanding and collecting attorneys fees from consumer debtors even though Med-1 and the other Defendants are not the holder or owner of any contract right or statutory right that would permit them to collect attorneys fees from such consumer debtors.

85. On information and belief the proposed Class consists of more than 1000 persons from whom Med-1 and the other defendants attempted to collect consumer debts that included attorneys fees, and in suing consumer debtors in its own name on accounts it does not own and in

collecting attorneys fees from plaintiffs and the putative class without just cause.

86. That Plaintiffs claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

87. That the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Med-1 and the other defendants acted in a manner applicable to the Class as a whole, such that declaratory relief is warranted.

88. That Plaintiffs will fairly and adequately protect and represent the interests of the Classes. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Classes because defendants' conduct was perpetrated on all members of the Classes and will be established by common proof. Moreover, plaintiffs have retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

89. That based on the wrongful and inequitable conduct described above, this Court should enter injunctive relief barring and prohibiting the Defendants from seeking or collecting attorney fees on accounts which they do not own.

***WHEREFORE***, Plaintiffs pray that this Court certify this matter as a class action, to award the Plaintiffs damages against all of the Defendants, jointly and severally, for their violations of the FDCPA, for attorney fees and for all other just and proper relief in the premises.

## COUNT VIII

## CLASS ALLEGATIONS

### State Law Claims

Come now Plaintiffs on behalf of themselves and other similarly situated and for further cause of action allege and state:

90. That Plaintiffs reallege the allegations contained in Rhetorical Paragraphs 1 through 89 as if more fully set forth herein.

91. That Plaintiffs bring this action individually and as a class action on behalf of all similarly situated Indiana residents from whom the Defendants collected a consumer debt which included attorney fees.

92. That this action seeks judgment against the Defendants, jointly and severally, for all attorney fees paid by the Plaintiffs and all those similarly situated.

93. That to Plaintiffs' best belief and knowledge, the class consists of more than 1,000 persons from whom Med-1 and the Defendants collected attorney fees on claims and/or judgments owed to others and which fees were shared by the Defendants.

94. That the Plaintiffs' claims are typical of the claims of the class. Common questions of law or fact raised by this class action complaint affect all members of the class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the class. This class action is superior to other available methods for the fair and

efficient adjudication of this controversy. Prosecutions of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class and a risk that any adjudications with respect to the individuals members of the class would, as a practical matter, would either be dispositive of the interest of other members of the class not party to adjudication or substantially impair or impede their ability to protect their interest.

95. That Plaintiffs will fairly and adequately protect and represent the interest of the class; the management of class action proposed is not extraordinarily difficult, and the factual and legal basis issued by this class action complaint will not require extended contact with the members of the class because Defendants' conduct was perpetrated upon all members of the class and will be established by common proof.

96. That Plaintiffs have retained counsel experienced in class action litigation, including matters and issues raised in this Complaint.

97. That a class action is superior for the fair and efficient adjudication of this matter in that individual actions are not economically feasible by reason of the amount of attorney fees typically collected by the Defendants and members of the class are likely to be unaware of their rights.

98. That based on the wrongful and inequitable conduct described above, this Court should enter injunctive relief barring and prohibiting the Defendants from seeking or collecting attorney fees on accounts on which they do not own, from seeking and collecting unreasonable attorney fees, and prohibiting further wrongful attorney fee sharing with a Defendant non-attorney.

***WHEREFORE***, Plaintiffs pray that this Court certify this matter as a class action, to award the Plaintiffs damages, against all of the Defendants, jointly and severally, for costs of this action, for attorney fees and for all other just and proper relief in the premises.

Respectfully submitted:

ROBERT E. STOCHEL, ATTY. NO. 1686-45
HOFFMAN & STOCHEL
ONE PROFESSIONAL CENTER, SUITE 306
CROWN POINT, IN 46307
TELEPHONE: (219) 662-0165 FAX: (219) 662-2151
E-MAIL: res@reslaw.org

GLENN S. VICIAN, ATTY. NO. 954-45
BOWMAN HEINTZ BOSCIA & VICIAN, P.C.
8605 BROADWAY
MERRILLVILLE, IN 46410
TELEPHONE: (219) 769-6671 FAX: (219) 738-3044
E-MAIL: bhbv2@netnitco.net