UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRIAN J. KELLEY, DENISE D. BOYD, YVONNE S. EMOUS and BETTIE M. HOUSLEY, individually and on behalf of all of those similarly situated, Plaintiffs, vs. MED-1 SOLUTIONS, LLC, WILLIAM J. HUFF, FRANCIS R. NIPER, COURTNEY GABER and RICHARD R. HUSTON, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:07-cv-1245-SEB-JMS |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This cause is before the Court on Defendants' Motion to Dismiss, filed on December 14, 2007, for lack of jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and failure to state a claim, pursuant to Rule 12(b)(6). Plaintiffs seek damages arising from four Indiana state court judgments in each of which the state court included an award of attorneys' fees. Plaintiffs contend that Defendants are liable under the Fair Debt Collection Practices Act ("FDCPA") and various state tort theories for seeking recovery of those fees.

Defendants, Med-1 Solutions, LLC, William Huff, Frances Niper, Courtney Gaber, and Richard Huston (collectively "Med-1"), contend that Plaintiffs cannot receive the relief they seek without contesting the validity of the Indiana state court's judgments, which is prohibited by the Rooker-Feldman doctrine. Consequently, they claim that this

Court lacks subject matter jurisdiction over this case. Additionally, Defendants argue that, even if this Court does have jurisdiction over any, or all, of Plaintiffs' claims, the claims should still be dismissed because Plaintiffs have failed to state a valid claim for relief under the FDCPA or any state tort theory. Plaintiffs rejoin that Defendants' FDCPA violations occurred prior to the entry of any state court judgment in favor of Med-1 and an after-the-fact judgment by a state court does not preclude this Court from having jurisdiction over the FDCPA claims. For the reasons detailed in this entry, we GRANT Defendants' motion to dismiss for lack of subject matter jurisdiction.[1]

**Factual Background**

Med-1 is a debt collector which primarily collects consumer debts owed to health care providers. Compl. ¶ 8, ¶ 12. To facilitate its debt collection efforts, Med-1 employs Defendants, Francis Niper, Courtney Gaber, and Richard Huston, as in-house counsel, all of whom are attorneys licensed to practice in Indiana. Id. ¶ 10. In August 2006 and October 2006, Med-1 filed individual small claims actions against Plaintiffs in Hamilton Superior Court for debts owed to St. Vincent Carmel Hospital ("St. Vincent"), one of the health care providers that utilizes Med-1's services. Id. ¶¶ 4-7, ¶¶ 12-13. Ms. Gaber requested attorney's fees in the Notice of the Claim in its actions against Plaintiff,

---

[1] Because we dismiss Plaintiffs' claims for lack of subject matter jurisdiction, we need not address in our opinion Defendants' alternative argument that the action should be dismissed for failure to state a claim.

Yvonne Emous, and Plaintiff, Bettie Housley.  Pl.'s Resp. at 2.  Ms. Gaber also sought attorney's fees in the small claims actions against Plaintiff, Brian Kelley, and Plaintiff, Denise Boyd.  Id.  Plaintiffs allege that neither Med-1 nor its in-house attorneys owned or had any ownership interest in the medical bills owed by Plaintiffs to St. Vincent.  Compl. ¶ 27.

As a result of its small claims actions, Med-1 obtained judgment in its favor against Mr. Kelley in the amount of $892.09, including $375.00 in attorney's fees, id. ¶¶ 15-16; against Ms. Boyd in the amount of $450.00, including an undisclosed amount in attorney's fees, id. ¶¶ 18-19; against Ms. Emous in the amount of $3,658.50, including $375.00 in attorney's fees, id. ¶¶ 21-22; and against Ms. Housley in the amount of $2,421.45, including $375.00 in attorney's fees.  Id. ¶¶ 24-25.  There have been no allegations that these judgments have been set aside by the Hamilton Superior Court or that any of these judgments has been appealed.  Defs.' Mem. at 3.

Plaintiffs claim that Med-1 had an agreement with health care providers, including St. Vincent, that the first monies received by Med-1 from a consumer debtor would be applied to payment of attorneys' fees and court costs.  Compl. ¶ 28.  Plaintiffs further allege that Defendants had a fee-sharing arrangement in which any attorneys' fees that Mr. Niper, Ms. Gaber, and Mr. Huston collected from consumer debtors would be shared with their employer, Med-1, and Med-1's owner, William Huff.  Id. ¶ 29.  Med-1 is not a law firm and Mr. Huff is not an attorney.  Id. ¶ 50.  According to Plaintiffs, Mr. Niper, Ms. Gaber and Mr. Huston would retain between twenty and twenty-five percent of the

attorney's fees award, and the balance would go to Med-1 and Mr. Huff.  Id. ¶¶ 32-33.  Plaintiffs claim that Defendants represented to Plaintiffs and the Hamilton Superior Court that reasonable attorneys' fees were between $350.00 and $375.00, but never disclosed to Plaintiffs or to the underlying state court, the existence of this fee-sharing arrangement.  Id. ¶ 37, ¶¶ 61-62.

Plaintiffs initiated this litigation with the filing of a Complaint on September 27, 2007, alleging that Defendants' requests for attorneys' fees in small claims court violated sections 1692e-f of the FDCPA, which generally prohibit the use of false, deceptive, or unfair means in connection with the collection of a debt.  In their complaint, Plaintiffs also alleged that Defendants' retention of the attorneys' fees awarded by the Hamilton Superior Court constitutes unjust enrichment, fraud, and money had and received.  In their demand for relief on these counts, Plaintiffs request damages in an amount no less than all the attorneys' fees awarded to Defendants by the state court.

## Legal Analysis

### I.     Standard of Review

Defendants' motion pursuant to Rule 12(b)(1) seeks the dismissal of this action for lack of subject matter jurisdiction.  When ruling upon such a motion, "a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff."  St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) (quoting Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th

Cir. 1999)). Dismissal is proper only if the plaintiff cannot establish any set of facts that would legally entitle him or her to the relief sought. Baker v. Indiana Family & Soc. Servs. Admin., 260 F.Supp.2d 731, 734 (S.D. Ind. 2003) (Barker, J.).

## II.     Rooker-Feldman Doctrine

Defendants contend that because all of Plaintiffs' claims arise from and are directly related to the issues tried by the Hamilton Superior Court, this court is stripped of jurisdiction. Defendants argue that the claims premised upon state tort theories (Count III for unjust enrichment, Count IV for fraud, and Count V for money had and received) clearly fall under the Rooker-Feldman doctrine because they seek direct modification or refund of the state court judgments. With regard to the alleged FDCPA violations, Defendants claim that because the state court held that Defendants were entitled to attorneys' fees and awarded judgments that included such fees, this Court cannot find that Defendants violated the FDCPA without overturning the state court rulings.[2] Plaintiffs rejoin that Defendants' alleged violations of the FDCPA occurred and were completed prior to the entry of any state court judgment in favor of Med-1; thus, Plaintiffs contend that, because their injuries did not directly result from the state court judgments themselves, the claims raised in this action are independent from the state court rulings.

---

[2] In addition to their arguments based on the Rooker-Feldman doctrine, Defendants contend that Plaintiffs Emous and Housley are also barred from asserting claims pursuant to the FDCPA by the applicable statute of limitations. However, because we hold that all FDCPA claims are barred by the Rooker-Feldman doctrine for the reasons detailed below, it is unnecessary to address this contention.

Plaintiffs do not address in their briefing the applicability of the Rooker-Feldman doctrine to their claims premised on state tort theories.

The Rooker-Feldman doctrine, based on two United States Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (2006) (quoting Exxon Mobil Corp. v. Saudi Basic Industries, Corp., 544 U.S. 280, 284 (2005)). Only the United States Supreme Court has jurisdiction to correct state court judgments; thus, federal district courts may not review and reject such rulings. Feldman, 460 U.S. at 482. Consequently, any relief from an adverse decision in state court "must be pursued through the state appellate system (with the option of seeking certiorari from a final judgment)." Mannix v. Machnik, 2007 WL 1958633, at *2 (7th Cir. 2007). Thus, if a claim is barred by the Rooker-Feldman doctrine, a federal court lacks subject matter jurisdiction over the case. Brokaw v. Weaver, 305 F.3d 660, 664 (7th Cir. 2002). This is true regardless of the soundness of the state court decision, as "the federal courts lack subject matter jurisdiction even if the state court judgment was erroneous or unconstitutional." Long v. Shorebank Development Corp., 182 F.3d 548, 555 (7th Cir. 1999).

The Rooker-Feldman doctrine applies both to claims that were raised in the state tribunal, as well as claims that, although not explicitly raised in the state forum, are

6

inextricably intertwined with state court determinations.  Epps v. Creditnet, Inc., 320 F.3d 756, 759 (7th Cir. 2003); Long, 182 F.3d at 554.  Whenever success in the federal forum would require the court to overturn a prior state court judgment, the subsequent federal litigation is "inextricably intertwined" with the state court's ruling.  320 F.3d at 759.  Thus, in assessing the applicability of the Rooker-Feldman doctrine, the central inquiry is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim."  Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir. 1996).

### A.     FDCPA Claims

Plaintiffs assert that their FDCPA claims escape the application of the Rooker-Feldman doctrine because those claims arose independently of the state court judgment.  In support of their theory, Plaintiffs cite Brooks v. Auto Sales & Services, Inc., 2001 WL 686950 (S.D. Ind. 2001) (McKinney, J.).  In Brooks, the plaintiff alleged that the defendant violated the FDCPA when he filed a Notice of Claim asserting that he was entitled to attorney's fees in the amount of $1340.00, or one-third of the debt allegedly owed.  Id. at *4.  There, Judge McKinney held that the Rooker-Feldman doctrine did not apply to the plaintiff's FDCPA claim because it was independent of the issues litigated in the state court.  However, the state court in Brooks, unlike the state court here, did not award the attorney's fees that the defendant requested; it simply entered judgment in the amount of the debt plus one dollar.  Id. at *2.

We find the facts here to be more closely related to those in <u>Bullock v. Credit Bureau of Greater Indianapolis, Inc.</u>, in which the plaintiffs argued, *inter alia*, that the defendant violated the FDCPA by "seeking and collecting treble damages when treble damages are forbidden by Indiana law." 272 F. Supp. 2d 780 (S.D. Ind. 2003) (Hamilton, J.). Here, as was the case in <u>Bullock</u>, Plaintiffs allege that Defendants violated provisions of the FDCPA by attempting to collect amounts (attorney's fees) that were not legally due, *but that the state court awarded*. Judge Hamilton, ruling in <u>Bullock</u>, held that the court lacked subject matter jurisdiction to hear such claims, stating that the problem with such a theory is that the plaintiff asserts that the defendant "violated the federal law by seeking exactly what the state court awarded. In other words, the state court determined that the amounts sought were, in fact legally due. . . . [P]laintiffs cannot avoid <u>Rooker-Feldman</u> by framing their claims in terms of defendants' attempts to obtain exactly what the state court awarded to them." <u>Id.</u> We agree with this analysis, and therefore, <u>GRANT</u> Defendants' motion to dismiss Plaintiffs' FDCPA claims for lack of subject matter jurisdiction because they are inextricably intertwined with the state court judgments.

    **B.**    **State Tort Claims**

The <u>Rooker-Feldman</u> doctrine also divests this Court of subject matter jurisdiction over Plaintiffs' claims that are based upon state tort theories (Count III for unjust enrichment, Count IV for fraud, and Count V for money had and received). The alleged harm on all three torts is the entry of a monetary judgment that included attorney's fees.

Plaintiffs' prayer for relief for each of these counts asks us to award them damages, "in a sum not less than all attorney fees paid." Compl. ¶ 54, ¶ 65, ¶ 70. However, as Defendants assert, these claims did not arise, if at all, until after the Hamilton Superior Court's entry of judgment awarding attorney's fees. Thus, the relief sought by Plaintiffs (refund of the attorneys' fees) would necessarily require the review and rejection of the state court judgment awarding those fees, which is exactly the type of federal oversight the Rooker-Feldman doctrine prohibits. See Epps, 320 F.3d at 760-61. This argument is uncontested by Plaintiffs, as they failed to address this issue in their response briefing. Thus, we GRANT Defendants' motion to dismiss Counts III-V for lack of subject matter jurisdiction.

### III.   Conclusion

As explained above, Plaintiffs' claims against Defendants amount to collateral attacks on final judgments rendered by an Indiana state court. Thus, under the Rooker-Feldman doctrine, this Court does not have subject matter jurisdiction over these claims. Accordingly, we GRANT Defendants' Motion to Dismiss and enter final judgment. IT IS SO ORDERED.

Date: _____02/06/2008_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Robert E. Stochel
HOFFMAN & STOCHEL
res@reslaw.org

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

Glenn S. Vician
BOWMAN, HEINTZ, BOSCIA & VICIAN
bhbv2@netnitco.net